### ANNA ADAMS, Administratrix *vs.* JAMES B. WILSON.

A., holding the promissory notes of C., who had consigned goods to W. for sale, in dorsed the notes to W. and took W.'s note for the amount thereof, and also an accountable receipt from W., by which he undertook to pay his said note, if the assets of C., in his hands, should be sufficient, after deducting the amount of prior acceptances made by him : A. afterwards gave up said note and receipt to W., and took from him another note, for the sum due to A. from C., payable absolutely, and on demand : The assets of C. in W.'s hands proved to be insufficient to meet said prior acceptances. *Held,* that there was no want or failure of consideration for the last note.

In an action on a note that is made payable absolutely, evidence is not admissible to prove an oral agreement, when the note was given, that it should not be payable unless the promisor should have certain funds in his hands.

ASSUMPSIT on a promissory note, made to the plaintiff's intestate, of the following tenor : " Medway, 13th December 1837. On demand, for value received, I promise to pay Susan Adams, or order, two hundred five and $\frac{62}{100}$ dollars, and interest. James B. Wilson."

At the trial in the court of common pleas, before *Wells*, C. J. the defendant, after his signature to the note had been proved or admitted, placed his defence on the want of consideration,

and also on the failure of consideration. To support these grounds of defence, he offered to prove the following facts: That early in the year 1837, the plaintiff's intestate had three notes against C. S. Cheever, amounting to $230, and also an account: That the defendant was the consignee of said Cheever, and had in his hands a large amount of his goods : That the plaintiff's intestate applied to the defendant for payment of her said debt, but that no arrangement was made respecting it until after the failure of Cheever, which was in March 1837, at which time the defendant had a very considerable amount of Cheever's goods in his hands, but was liable on acceptances of various drafts drawn on him on account of said goods: That the plaintiff's intestate, through her agent, applied to the defendant for payment of her said debt, and the defendant promised to pay the debt, provided he had sufficient property to pay it, after meeting all his acceptances : That an arrangement was afterwards made with said agent, by which it was agreed that the plaintiff's intestate should indorse her said notes and deliver them to the defendant, and that the defendant should give his promissory note to the said agent for the amount due to said intestate, which note was not to be delivered to her, nor the fact of its having been made be communicated to her, but the note was to be retained by the agent, for her benefit ; and an accountable receipt was to be signed by the defendant and delivered to said intestate : That said notes, indorsed by the said intestate, were delivered to the defendant, and he signed the note and receipt, as agreed: That, some time after this, the fact of the existence of the defendant's note to said agent was communicated to the said intestate, and she applied to the defendant for a settlement of the business : That the defendant, after some delay, and being in a state of some vexation and excitement, told the said agent, that he had concluded to give the said intestate a note, or pay her, whether he got any thing, or not, from the property consigned to him, and requested the agent to go with him to her, and make a settlement : That the parties met; the agent gave up the note previously given to him : the said intestate gave up

the defendant's receipt, and the defendant gave to her the note in suit, being for the balance ascertained to be her due from Cheever: That there was no other consideration for the note: That the defendant retained the notes given by Cheever to said intestate, and had filed them in set-off, in the present action.

The defendant also offered to prove, that when he signed and delivered the last note, it was agreed that the same should not be payable, unless the defendant should be found to have in his hands property or funds of Cheever sufficient to pay it, as before stated. This he offered to prove by evidence of an oral agreement made at the time of the giving of the note, and by a subsequent admission of the intestate. And he offered further to prove, that upon a final sale and disposition of said property, it was ascertained that the property so in his hands was not sufficient to discharge the prior claims that were upon it, and that there was nothing in his hands, belonging to said Cheever, applicable to the payment of the note in suit.

The judge ruled that said offered evidence would not prove a want or failure of consideration for the note ; that evidence of an oral agreement that the written promise of payment, which was absolute in its terms, was a conditional promise, was not admissible ; and that the plaintiff was entitled to recover. A verdict was returned for the plaintiff, and the defendant alleged exceptions to said rulings.

*Hallett,* for the defendant, cited *Crosman* v. *Fuller,* and *Dexter* v. *Clemans,* 17 Pick. 171, 175. *Munroe* v. *Perkins,* 9 Pick. 298. *Davenport* v. *Mason,* 15 Mass. 85.

*Lovering & Wilkinson,* for the plaintiff, cited, as to the consideration of the note, Com. Dig. Action upon the Case upon Assumpsit, B. 10, 11. *Smith* v. *Sinclair,* 15 Mass. 171. *Russell* v. *Cook,* 3 Hill, 504. Story on Notes, § 186. And as to the admissibility of the parol evidence, they cited *St. Louis Perpetual Ins. Co.* v. *Homer,* 9 Met. 39. *Rose* v. *Learned,* 14 Mass. 154. *Erwin* v. *Saunders,* 1 Cow 249 *Hamilton* v. *Neel,* 7 Watts, 517.

SHAW, C. J.   This action is brought on a promissory note, given by the defendant to the plaintiff's intestate.   The facts of the case are somewhat numerous and complicated, but when analyzed and understood, it presents a very plain and simple question.   [Here the chief justice recited the facts which the defendant offered in evidence.]

The defence relied on is want or failure of consideration, to be shown by proof that the assets of Cheever, in the defendant's hands, were insufficient to pay the note.   But it appears to us that the delivery up, by the intestate, of the defendant's former note, the surrender of his accountable receipt, and with it her right to call on the defendant for an account of the assets of Cheever, were the true, and constituted a good, consideration for his own note.   And this would be equally true, though it might appear afterwards, upon an *ex parte* statement of Cheever's account by the defendant, that there would have been no balance applicable to the payment of his prior conditional obligation.   Loss to the promisee, or benefit to the promisor, is a good consideration.   If the defendant did not derive a benefit in being saved the labor, expense, and possible risk he might incur by a legal settlement of his account, the promisee certainly renounced and relinquished a valuable right and a conditional promise.   Besides ; the adjustment and release of a doubtful or contested right, upon a full knowledge of all the circumstances, is a good consideration for a promise.   *Barlow* v. *Ocean Ins. Co.* 4 Met. 270.  *Russell* v. *Cook*, 3 Hill, 504.

The same considerations, we think, afford an answer to the suggestion of failure of consideration.   The true consideration was the surrender of the note and receipt; and that was performed and executed at the time, and the defendant received all the benefit which he stipulated for.   Nothing occurred afterwards to change the relations of the parties ; no contract rescinded, no failure to perform any condition, or mutual and dependent stipulation.

We are then brought to the question, whether the evidence offered by the defendant ought to have been admitted.   He

offered to prove, by parol evidence, that at the time he signed and delivered the note in suit, it was agreed that the same should not be payable, unless the defendant should be found to have funds of Cheever sufficient to pay it. This was an attempt to alter and vary a written contract by parol evidence, by engrafting thereon a condition or defeasance, which would entirely change its meaning and legal effect. This has been so often decided to be inadmissible, that I will only cite the last decision. *St. Louis Perpetual Ins. Co.* v. *Homer*, 9 Met. 39.

The cases cited by the defendant's counsel are not opposed to this decision. In *Crosman* v. *Fuller*, 17 Pick. 171, there was an agreement between the promisee and promisor, that all supplies, furnished by the promisor to the promisee's mother, should be deemed payment *pro tanto*. This agreement had *been executed*, and it was held to enure as payment. In *Dexter* v. *Clemans*, 17 Pick. 175, the parol evidence was admitted, not to vary the terms of the note, but to show that it was given without consideration.

*Exceptions overruled.*